UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

MICHAEL SANTIAGO,

                               Plaintiff,

           -against-

CITY OF NEW YORK; and JOHN and JANE
DOE 1 through 10, individually and in their official
capacities, (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                            Defendants.

------------------------------------------------------------------ x

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ DEC 2 3 2010 ★

BROOKLYN OFFICE

**COMPLAINT**

Jury Trial Demanded

**SUMMONS ISSUED**

**TRAGER. J.**

**POLLAK. M.**

CV 10 5995

## NATURE OF THE ACTION

1.     This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5.     This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6.    Plaintiff demands a trial by jury in this action.

## PARTIES

7.    Plaintiff Michael Santiago ("plaintiff" or "Mr. Santiago") is a resident of Richmond County in the City and State of New York.

8.    Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9.    At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10.    At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

2

11.    At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

12.    At approximately 6:00 p.m. on March 16, 2010, Mr. Santiago was running in the vicinity of Father Capodanno Boulevard in Staten Island, New York.

13.    Individuals unknown to plaintiff were pursuing him.

14.    A police vehicle suddenly blocked plaintiff's path.

15.    Realizing for the first time that the individuals pursuing him were police officers, plaintiff put his hands up and surrendered himself.

16.    Plaintiff was then violently tackled by one of the John Doe defendants.

17.    Approximately five to six John Doe police officers proceeded to brutally assault plaintiff for several minutes as he tried in vain to defend himself.

18.    At no time did Mr. Santiago strike or assault any officer.

19.    A non-party civilian witnessed this vicious assault and was arrested by the officers.

20.    Portions of the assault were captured on videotape by nearby surveillance cameras.

21.    Mr. Santiago sustained serious injuries during the assault, including broken teeth, black eyes, neck and back injuries and permanent blurriness in his left eye.

22.    Following the assault, Mr. Santiago, who was visibly bleeding from his face and semi-conscious, was placed handcuffed into a police van and driven around for approximately five hours before being taken to the 120th Precinct.

23.    At the precinct, plaintiff was seen by EMS who cleaned his eyes.

24.    Once plaintiff was in the custody of the New York City Department of Correction he was immediately sent to the hospital for medical treatment.

25.    Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's office at 1 Centre Street, New York, New York.

26.    At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

27.    This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

28.    Plaintiff suffered damage as a result of defendants' actions.  Plaintiff suffered emotional distress, mental anguish, fear, pain, permanent bodily injury, anxiety, embarrassment and humiliation.

## FIRST CLAIM
### 42 U.S.C. § 1983

29.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

4

30.    Defendants, by their conduct toward plaintiff alleged herein, violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the Constitution of the United States.

31.    As a direct and proximate result of this unlawful conduct, Mr. Santiago sustained the damages hereinbefore alleged.

## SECOND CLAIM
### Unreasonable Force

32.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

33.    The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

34.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### State Law Assault and Battery

35.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36.    By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered him.

37.     Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

38.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
### Failure To Intervene

39.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

40.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

41.     Accordingly, the defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

42.     As a direct and proximate result of this unlawful conduct, Mr. Santiago sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### *Monell*

43.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

44.     This is not an isolated incident.   The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by plaintiff.

45.     The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

46.     The City, through its police department, has an inadequate mechanism for the detection, monitoring, investigation, prosecution, punishment and reduction of excessive force incidents by its employees.

47.     The City, at all relevant times, was aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

48.     The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

## SIXTH CLAIM
### Negligent Hiring/Training/Retention/Supervision Of Employment Services

49.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

50.     Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

51.     Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

52.     Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

53.     Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

54.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a)  Compensatory damages against all defendants, jointly and severally;

(b)  Punitive damages against the individual defendants, jointly and severally;

(c)  Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d)  Such other and further relief as this Court deems just and proper.

DATED:     December 23, 2010
           New York, New York

                              HARVIS & SALEEM LLP


                              Gabriel P. Harvis
                              305 Broadway, 14th Floor
                              New York, New York 10007
                              (212) 323-6880
                              gharvis@harvisandsaleem.com


                              *Attorney for plaintiff*

9