

**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 Church St.
New York, NY 10007

**SHLOMIT AROUBAS**
*Assistant Corporation Counsel*
Tel: (212) 442-2715
Fax: (212) 788-9776
saroubas@law.nyc.gov

January 14, 2011

**BY ECF**
Honorable Cheryl L. Pollak
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   Michael Santiago v. City of New York, et al.
            10 CV 5995 (DGT)(CLP)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of Michael A. Cardozo, Corporation Counsel of the City of New York, and the attorney assigned to defend the City of New York in this matter. Defendant writes to respectfully request an extension of time to answer or otherwise respond to the complaint until March 15, 2011.[1] This is defendant's first request for an enlargement of time to respond to the complaint and plaintiff's counsel, Gabriel Harvis, could not be reached for his consent to the instant request. However, defendant submits that the request will not prejudice plaintiff.

      In the complaint, plaintiff alleges, *inter alia*, that on March 6, 2010, he was apprehended by numerous police officers and subjected to unnecessary and excessive force. Plaintiff was transported to a police precinct and thereafter to the custody of the New York City Department of Correction. The complaint purports to name the City of New York as defendant.

      There are several reasons for seeking an extension. An enlargement of time is needed for this office to investigate plaintiff's allegations in accordance with our obligations under Rule 11 of the Federal Rules of Civil Procedure. From the complaint, it is unclear whether plaintiff was arrested and/or prosecuted as a result of the March 6th incident. In addition it is

---

[1] As the answer appears to have been due on or about January 12, 2011, we respectfully apologize for the lateness of this request.

unclear what, if any, was the disposition of any related criminal proceedings. Thus, records associated with the underlying incident may be sealed pursuant to N.Y.C.P.L. § 160.50. This office is in the process of forwarding to plaintiff for his execution a §160.50 release so that we can access the sealed records from his underlying incident, including the District Attorney's file, the Criminal Court file, and even our own police records. We will also forward to plaintiff a request for execution of HIPAA compliant medical releases, which are necessary for our office to obtain the medical records pertaining to plaintiff's alleged injuries and medical treatment. Only once the necessary records are obtained, will defendant be able to properly assess this matter and respond to the complaint.

No previous request for an extension has been made by either party. There are no scheduled conferences that will be affected by this proposed extension. Accordingly, it is respectfully requested that the Court grant this application to extend the time to answer or otherwise respond to the complaint until March 15, 2011.

Defendant thanks the Court for its consideration herein.

Respectfully submitted,

/s/
Shlomit Aroubas
Assistant Corporation Counsel
Special Federal Litigation Division

cc: Gabriel Paul Harvis, Esq. (By ECF)
Harvis & Saleem, LLP
*Attorney for Plaintiff*
305 Broadway, 14th Floor
New York, New York 10007